UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80072-CR-KAM/WM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LAURA LUZ MARIA TORRES ROMERO,
   a/k/a Antonieta Vinkelried
   a/k/a Antonieta Winkelried
   a/k/a Antonieta Mena

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter referred to as "this Office") and Laura Luz Maria Torres Romero (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and plead guilty to an Information charging her with the following offenses: Count One - Conspiracy to Defraud the United States and to Commit Offenses Against the United States, that is, to Subscribe False Statements in Immigration Applications, in violation of Title 18, United States Code, Section 1546, and to Commit Mail Fraud, in violation of Title 18, United States Code, Section 1341, all in violation of Title 18, United States Code, Section 371; Count Two - Conspiracy to Commit Offenses Against the United States, that is, to Steal Government Funds, in violation of Title 18, United States Code, Section 641, and to Launder Money, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, Untied States Code, Section 371; and Count Three - Making False Statements to a Federal Agency, in violation of Title 18, United States Code, Section 1001.

1

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guideline s will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to each of the three counts, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, as to each count, the Court may impose a fine of up to $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater, and must order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $300 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid

2

at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background and financial condition. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct and the defendant's financial status; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of

3

release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. **Grouping**: That Counts 1 – 3 are grouped together, pursuant to Section 3D.1.2(d), and the applicable offense level for the group is based on the aggregate behavior, pursuant to Section 3D1.3(b);

    b. **Applicable Guideline**: That the applicable sentencing guideline is Section 2B1.1;

    c. **Base Offense Level**: That the base offense level is six, pursuant to Section 2B1.1(a)(2);

    d. **Loss**: That the relevant amount of actual, probable or intended loss resulting from the offense is more than $3.5 million, but not more than $9.5 million, resulting in a eighteen-level enhancement, pursuant to Section 2B1.1(b)(1)(J);

    e. **Number of Victims**: That the offense involved 10 or more victims, resulting in a two-level enhancement, pursuant to Section 2B1.1(b)(2)(A);

    f. **Sophisticated Means**: That the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, resulting in a two-level enhancement, pursuant to Section 2B1.1.(b)(10)(C);

    g. **Unauthorized Use of Means of Identification**: That the offense involved the unauthorized use of a means of identification unlawfully to produce or obtain another means of identification, resulting in a two-level enhancement, pursuant to Section 2B1.1(b)(11)(C)(i);

    h. **Vulnerable Victim**: That the defendant knew or should have known that the offense involved a large number of vulnerable victims, resulting in a four-level enhancement, pursuant to Section 3A1.1(b);

    i. **Role**: That the defendant was an organizer, leader, manager, and/or supervisor of the criminal activity, resulting in a two-level enhancement, pursuant to Section 3B1.1(c);

    j. **Abuse of Trust**: That the defendant abused a position of trust, resulting in a two-level enhancement, pursuant to Section 3B1.3; and

8. **Adjusted Offense Level**: That the applicable adjusted offense level under all of the circumstances of the offenses committed by the defendant, including a reduction

for acceptance of responsibility, is Level 35. The corresponding guideline range, taking into account the statutorily authorized maximum sentence for counts 1-3, is 168 – 180 months' imprisonment.

9. The parties agree to jointly recommend that the Court, pursuant to 18 U.S.C. §3553(a), grant a downward variance from the advisory guideline range, provided that the advisory guideline range determined by the court is 121-151 months' imprisonment or higher, and impose a sentence of 120 months' imprisonment. This Office, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct and the defendant's financial status; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official .

10. This office agrees to recommend that the defendant be permitted to remain on bond through the plea and sentencing proceedings. This office further agrees to recommend that the defendant be permitted to surrender to the facility designated by the Bureau of Prisons to begin service of sentence and that her surrender be delayed until the date the United States District Court for the Southern District of Florida resumes jury trials.

11. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court

5

establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of her right to appeal her sentence.

12. The defendant knowingly and voluntarily agrees that the following real property, known and numbered as indicated, to include all improvements, appurtenances, attachments and fixtures thereon, is subject to criminal forfeiture to the United States:

    a. 1103 Green Pine Blvd, Apt D-1, West Palm Beach, FL;

    b. 807 Belvedere Road, West Palm Beach, FL;

    c. 3331 Lake Avenue, West Palm Beach, FL;

    d. 1408 Parterre Drive, West Palm Beach, FL;

    e. 1229 Creek Side Drive, Wellington, FL;

    f. 621 Hudson Rd, West Palm Beach, FL;

    g. 716 Briggs Street, West Palm Beach, FL;

    h. 911 Green Street, West Palm Beach, FL; and

    i. 4524 Gun Club Road, Suite 103, West Palm Beach, FL

(collectively, the "Property").

13. The defendant knowingly and voluntarily admits the following with respect to the nexus between the Property and the offenses to which she agrees to plead guilty herein:

    a. The Property constitutes, or is derived from, or is traceable to, the proceeds obtained directly or indirectly from the criminal conspiracy to violate 18 U.S.C. §§ 1341 and 1546, to which she agrees to plead guilty; or

      b.     The Property was used to facilitate, or was intended to be used to facilitate, the criminal conspiracy to violate 18 U.S.C. § 1546, to which she agrees to plead guilty; or

      c.     The Property was involved in the criminal conspiracy to violate 18 U.S.C. § 1956, to which she agrees to plead guilty herein.

14.    The defendant knowingly and voluntarily agrees to waive her right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Property and the offenses to which she agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that she shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Property.

15.    The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Property:

      a.     All constitutional, legal, and equitable defenses to such forfeiture;

      b.     Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

      c.     Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

      d.     Any right he may have to an appeal of any resulting order of forfeiture regarding the Property.

16.    The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Property agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture of the Property to the United States. The

7

assistance shall include delivering to this Office, prior to sentencing: any documentation, including consents to forfeiture and quit claim deeds, necessary to deliver good and marketable title to the Property upon its forfeiture.

17. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

18. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

19. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in

paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

20. This, together with the Factual Basis in Support of Guilty Plea filed this same day, represent the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/27/2020      By: _____
                          ELLEN L. COHEN
                          ASSISTANT UNITED STATES ATTORNEY

I have read and carefully reviewed every part of this Agreement with my attorney, Bruce Zimet, and voluntarily agree to its terms. No one has threatened or coerced me in any way into entering into this Agreement.

Date: 12/26/2020      By: _____
                          LAURA LUZ MARIA TORRES ROMERO
                          DEFENDANT

I, Bruce Zimet, am the attorney for Laura Luz Maria Torres Romero. I have explained to her the terms and conditions set forth above and am satisfied that she understands and agrees to them.

Date: 12/22/2020      By: _____
                          BRUCE A. ZIMET, ESQ.
                          ATTORNEY FOR DEFENDANT

9